And now I'm going to call our fourth and final case of the day and final case of this oral argument sitting. Rizk v. Seminole County Sheriff. We have Joshua Marcin for the appellant and Aaron Tucci for the appellee. And if I have mispronounced either of those names, I assume you will let me know. Mr. Marcin, if you are ready to proceed, please begin. Mr. Marcin Thank you and may it please the court. Joshua Marcin on behalf of Appellant Ysry Rizk. This court should reverse the dismissal of Mr. Rizk's pro se complaint. That complaint alleged that county officials used excessive force against a 69 year old arrestee and denied him emergency treatment for hours until he posted bond, asked that an ambulance be called, and went to the hospital. His complaint made claims against both individuals and a governing body. But the caption originally named only an entity that cannot be sued without listing individual names. The sheriff moved to dismiss and focused on relief for what he endured at the jail. The district court's dismissal orders steered him narrowly toward Monell. No one addressed his request for relief from both an officer and a governing body. And this court's precedent required the district court to construe the pro se complaint as a whole and to identify curable deficiencies before dismissing with prejudice. So in your counsel, in your briefing, you've suggested that the district court should have informed Mr. Rizk that he could name individuals as defendants. But when the district court dismissed Mr. Rizk's first complaint, the district court noted that the sheriff's office could not be sued as an entity and Mr. Rizk then amended his complaint and specifically named Sheriff Lemma. Doesn't that suggest that Mr. Rizk was sophisticated enough to know that who he should name as a defendant? Respectfully, Your Honor, it does not. And if we look specifically at, I'll go to appendix page 251 and 252, that district court's first order on the dismissal, the district court told Mr. Rizk, quote, plaintiff named the sheriff department as the sole defendant. And then as Your Honor indicated, however, sheriff's offices lack the legal capacity to be a policy or a custom that caused his injuries, which is necessary for the claims to proceed under the theory of Monell liability. Mr. Rizk responded, yes, by adding the sheriff's name to the caption, but he was led down this path thinking that Monell, the more difficult path, was the only path forward because of language like this that the district court used. I would add, Your Honor. Is there anything qualitatively different about the district court saying, and you've mentioned these individuals in the text of your complaint, if you wish to sue them, you need to put them in the caption too? If I'm understanding Your Honor's question correctly, I think that would be qualitatively different. I think if the district court had said one line like that, we wouldn't be here today. If the district court had said. Let me make my question clear. I mean, would that be qualitatively different from what actually happened in terms of the guidance that the district court did give to Mr. Rizk? Would the district court be offering guidance of a different sort if he had made the instruction that I described, or would that guidance have been in keeping with the things that the district court did advise Mr. Rizk of? If the guidance, if I heard Your Honor correctly, that the guidance was saying, Mr. Rizk, it's not clear if you're suing officers or the governing body or both. I think guidance like that would be qualitatively different from what the district court said to Mr. Rizk. Because I think the answer you want is, no, Your Honor, that would be totally the same, and that's why he should have done it because that wouldn't have been any different than telling him that he hadn't alleged a policy or practice. Because I don't think anyone's arguing that the district court acted inappropriately with how it did advise him. So maybe I'm misunderstanding your position, but I thought you wanted us to conclude he should have also given him this additional piece of advice. I think we actually are arguing, Your Honor, that the district court's orders steered Mr. Rizk. First, the district court's orders didn't recognize that Mr. Rizk was raising claims against individuals alongside the governing body, and the district court did affirmatively steer Mr. Rizk toward the path of Monell, as if that were the only path forward. Right, but you're saying the district court should have also said the instruction that I just described, right? That's right. And I apologize for any confusion there, Your Honor. What is critical here is that the district court needed to look at, and we cite instances when Mr. Rizk presented, for instance, a claim for excessive use of force. I'm on appendix page 22 when he presented that claim and then underneath it cited a constitutional provision and then specifically identified Officer Pugh as the individual responsible. That was three pages before the request for relief saying Officer Pugh, indicating that both an officer and a governing body can be liable. And if the district court had simply said something like, if you want to hold him liable, if you want to pursue that claim for relief, you need to add his name to the caption. I hope I understood Your Honor's question correctly. So you think that all that Mr. Rizk would have needed to do to bring claims against these individuals is add their names to the caption. Is that correct? Add their names to the caption. Yes, Your Honor. That would have set forth a series of processes after that, including service and the like, but yes. And that is hitting on a key point here, Your Honor, which is that the complaint that Mr. Rizk presented included egregious allegations against individuals alongside the county. And it was the first motion to dismiss in this case that focused on Monell that construed his complaint to be only against the sheriff in the sheriff's official capacity and that focused on the absence of an alleged policy or custom. And what's critical here and what makes this case look a lot like the Wolde Act case is that Mr. Rizk responded to that first motion to dismiss by in part expressing confusion. I'm looking at appendix page 182, where he said in part, quote, the narrow explanation by the sheriff confused the facts and took advantage of a person who cannot afford a lawyer. After he expressed that confusion is when we have the that I spoke about a moment ago that construed his complaint to only be focusing on Monell as if it were the only path forward and only told Mr. Rizk that there were two deficiencies in his complaint. How far does that go? If the district court in good faith construed and understood Mr. Rizk to be making a Monell claim, is it the district court's duty to think of other claims that perhaps Mr. Rizk could also make? Absolutely not, Your Honor. And that's why I'll just bring us back to the bank versus pit rule in the Wolde Act where a district court simply needs to read the complaint as a whole, liberally construing it if the individual is pro se. And to the extent that there are easily curable technical deficiencies in Wolde Act, it was naming an improper party. Here it was not including those names in the caption, even though they were listed throughout the complaint. That type of easily curable technical deficiency, a district court needs to give a pro se litigant at least one reasonable chance to amend it. So you would say that, and I guess I'm looking at the first complaint because I think that's the complaint of the three of them that actually names some names, maybe the second two, the third didn't seem to. So looking at the against the individual defendants, such as excessive force, deliberate indifference, you think in one of these three complaints, he's alleged enough that the district court should have understood that's what he was doing. That's right, Your Honor. And I will point out as well that the district court never addressed claims against individuals. And we don't even understand the sheriff to be disputing that if, for example, the name Officer Akebo Pugh were up in that caption, there seems to be no dispute here that plausible claims have been asserted because of these egregious allegations of what Officer Pugh did to Mr. Risk. And that's the first of the only two questions this court has to ask and answer under the bank versus pit test. The first question is might a more carefully drafted complaint state a claim? And here, if the court thinks that there might be a stated claim against Officer Pugh, if simply his name were up in the caption, the court can answer and should answer that question in favor of Mr. Risk. And then just move on to the second and final question, which is did Mr. Risk give a clear indication that he didn't want to amend to simply do something like write Officer Pugh up in the caption. We do not have that clear indication in this record. Instead, we have statements of confusion. And Mr. Risk continuing to seek relief from everyone that he could hold accountable for what he had to endure for those 16 hours spent. Mr. Marcin, can I ask you a procedural question to make sure we're applying the proper standard of review? Mr. Rizek never objected to the magistrate judge's report and recommendation recommending dismissal of a second amended complaint. And so are we on plain error review? No, Your Honor. The sheriff has never raised any issue about the lack of an objection to that very final reporting recommendation. So, and the sheriff has affirmatively stated that the standard of review is de novo for futility, abuse of discretion for denial of leave to amend and de novo for the motion to dismiss standard generally. So we don't think that there is any issue here. And if there were that the sheriff has waived it as far as the objection to the last one. And if the court has no further questions, I might reserve the remainder of my time for rebuttal. Thank you, Mr. Marcin. Ms. Tucci, and please tell me how I have messed that up. Thank you, Your Honor. May it please the court. I'm Erin, my name is pronounced Tucci. Oh, close. And I'm here on behalf of the sheriff in this, in this appeal. I'll go ahead and start with the arguments that that the appellant focused on here in this appeal related to additional parties that he wants to, he believes the district court should add it into his complaint or read into his complaint or pretended that the plaintiff had originally sued. He complains that there was a focus on Monell liability and a focus on Monell claims. And it's obviously because those are the only claims brought. There was repeated intent to do this in every installation of the amended and the original complaint, the amended complaint, the second minute complaint, the plaintiff below continued to attempt to impose Monell liability. How do you account for the references to the individual jail, individual members of the jail staff in the complaint? If he, if you say that he never meant to hold those people accountable, his complaints all express an intent to hold the sheriff liable based on these individuals acting pursuant to policy. Although there's no actual allegation of a policy and no actual allegations sufficient to make any sort of causation policy as far as policy causing what these individuals did, which makes his claims insufficient globally. That was his intent. The plaintiff brings up the appellant, I'm sorry, brings up a sentence in one of the plaintiff below's complaints repeatedly where he says both the officer and the governing body can be liable. This is brought up or the governing body liable that he chose to sue the governing. How did, how did he know that? If he said that's this in his complaint. No, he said they treated him unconstitutionally and tortured him and so forth and so on, but he didn't say under the law, individually responsible, but I don't want to sue them. There was a statement, both the officer and the governing body can be liable in plaintiff's filings. I overlooked that exactly where it is. We can find it on our team. It was in the original complaint, I believe page 11. Why wouldn't, why wouldn't we read that as evidence that he was intending to hold the individual jail stoppers liable? I think it's, we're arguing that it's obvious that he knew he could have, but he wanted to sue the sheriff because this is not just a deficient caption. There are, this complaint form that he filled out three times invites him to sue a list of people. There are blanks, a bit official capacity. He chose each and every time to put sheriff. Characterize his English as excellent. In the complaint, I don't, I don't, I'm not sure I'm really in a position to say that. I can't, I can't say the grammar is wonderful, so I'm not going to say he's excellent. Do you think that most non-lawyers or even lawyers in a particular set of specialties, actually, would be able to describe the difference between an official capacity and an individual capacity suit against a government official? Whether most lawyers or most individuals would be. If I, if I go home and ask, you know, my next door neighbor, tell me, sir, what's the difference between an individual capacity suit against a government official and an official capacity suit? Do you think that that person is likely to be able to give me the same answer that you could, for instance, on a random situation of asking somebody hypothetically, probably not. But if this person is going to go ahead and sue the sheriff and, or an individual, then it is their responsibility to do so properly, whether they're pro se or not there is liberal construction, but they are held to the rules. Why would, why would a pro se plaintiff, who is obviously indisputably jumps off the page, is outraged by the way folks treated him, including the 400 pound person whose legs weighed 100 pounds apiece. If he's outraged about that, why in the world would he not want to sue if he knew he could. That's not really for us to say or consider an appeal. He didn't sue that person. It is for me, when you tell me that he didn't intend to sue them or he would have, it matters to me, any person who is sane, seems sane to me, or at least from the writing, sane is your typical pro se plaintiff, not want to sue somebody who accuses of those grievous injuries when he obviously wanted to sue someone, why not include them in the lawsuit? Because he didn't include them in the lawsuit and he expressed intent several times by continuing to sue the sheriff and try and advancing Monel type language, even though it's conclusory and it didn't state a claim successfully. It's our argument. So you have no rational explanation for that. He just behaved irrationally. It's not necessarily irrational to sue a sheriff. It's certainly not. No, no, no, no. It's irrational not to sue the people who physically abused you and then went out in the hall and laughed about it. If you know or have guidance to believe that the law permits you to sue them individually, wouldn't you say? What's the rational reason not to sue? What we would answer to that is that it's it's not the district court's position or our position now to start trying to guess what he did or why he did it or why he didn't do it. It's it's a kind of reasonable burden to place on the court. That very well may be the issue in this is a 10th Circuit case track. Well, are you familiar with that? Wouldn't have to be. I don't want to call you. It's not pop quiz. Their courts may look to the body of a pro se complaint to determine who the intended and proper defendants are. Yes. Doesn't that make sense? Um, yes, right. I'm not. I I did read that case. I do remember it was cited. And it's not the same as this case. It's there are differences between the two. Yeah, but I'm not sure there's there's a difference that impacts the 10th Circuit rule. The guy sued the US government. Sounds kind of analogous to what happened here. And the judge looked at it and said, Whoa, I can tell here what your relief you're asking for. You meant to sue the Supreme Court and its clerk. So that's what we'll treat it. What you intended to do. That's what I found there. But of course, you're out of luck there. He sued the king. Well, I didn't say that decision. It kind of makes sense to me to look on a pro se plaintiff where you have this strong allegations against named individual. He goes to the trouble of naming and describes in full detail what they did to named defendants did to him. It looks to me like you can look at the body of the complaint and say he intended to get relief. And the only relief he knew he could get was against the sheriff. He was wrong about that. Just a guy in track. Well, was wrong about thinking you could get it from the US government general. And what he intended to do was sue these other people. In this case, the plaintiff mentioned names in the complaint, but didn't list them anywhere as intending to be sued. He was also given three chances to amend, which generally the cases cited by the appellant in this appeal talk about pro se plaintiffs who were summarily dismissed and had their cases thrown after one try because they weren't sufficient. And this plaintiff was given three tries. Tell me how a prisoner could establish a pattern or practice aside from a jail official saying, I'm beating you right now because that's what my rule here at the prison is. Besides direct testimony, how would a prisoner, in your view, establish a pattern or practice sufficient to raise a complaint? Are you asking how they would allege it? I mean, I know words that they could say, but a prisoner can't hire an expert to come through earlier filings to find evidence, say, of a pattern or practice. What more would someone need to say than what Mr. Rizek said here to sufficiently allege a pattern or practice of this type of behavior, this type of lack of supervision or lack of training or rough tactics being generally taken with prisoners? Well, the courts require facts that directly involve other incidents or evidence of just allegations of actual patterns. The problem with the plaintiff's complaint is obviously it's not enough just to say there's a pattern. You would have to say how you know there's a pattern. What is the pattern? Why is the pattern? Some sort of fact support for a Monell claim based on any sort of policy or custom, including failure to train, supervise, discipline. Name the pattern, talk about the pattern, talk about why it caused your violation. What if someone said that the sheriff had approved the behavior as consistent with the facility's policy? Would that be enough to establish a pattern of practice? Only if he had ratified it prior to the time it took place because that would cause that would involve causation. Well, if he says it's consistent with our policy, doesn't that suggest that the policy was in place beforehand? If the sheriff himself said it is our policy to if you said good job officer, what you just did is consistent with our policy. If the inmate alleged that, would that be enough? Well, not that that happened here because it didn't, but just hypothetically, if the inmate said the sheriff approved the use of force, if the sheriff approved it for the reason that it was reasonable and there's a factual inconsistency, then that doesn't establish that it was a policy. I guess what I'm getting at is I don't see how under your approach an inmate really almost ever could allege a pattern of practice. So, doesn't that neuter that area of the law? Well, the courts have consistently held that you do need factual support. I know. I'm asking what factual support and you're telling me, I don't kind of know what. You've told me you need factual support, but you won't tell me what it is. I don't. Besides direct testimony from someone saying we have this pattern of practice. Well, there would be, obviously, you don't need the testimony at the dismissal stage. You may need an allegation of it. There are ways to build your case at that point. These things, the events that happen, the policies of the sheriff's office, they're not secret. They can be discovered. They can be requested. Aren't we at the dismissal stage here? Yes. So, what more could Mr. Rizek have said? I'm not saying what more is true. I'm saying what more could he have said to allege a policy or practice? Well, that's kind of hard for me to answer at this point because it's our contention in the end that there is no such policy custom practice of these things. So, I don't know what he could have said. Say a different inmate in a different prison, one that was very bad and had a very bad policy and practice that everyone agrees is illegal. What could an inmate who is subject to an exercise of that policy or practice allege at this stage of the case to move forward? That's, for example, that something like this has happened before in other circumstances. Factually, you know, there's this incident. This happened to this person. There's another incident. This happened, you know, and there's an allegation that it occurred and it's being endorsed repeatedly, habitually. There's a pattern. That would be something that would allege it. There's this policy. It's written or, you know, somebody at this, you know, you have testimony from people saying, this is how we do it at the sheriff's office. Consistently, they let us, you know, assault prisoners without consequence, you know, something along those lines. What if he said this happened also to my cellmate? Would that be enough? Courts have held that one other incident is not enough to constitute a pattern. So, judging by the case law, no, that would not be enough. So, how many would it take? In my view, I mean, there's not really an actual number that's given in a case that you need X number of other incidents. Just that yours isn't enough and one other one is enough, is not enough. And in this case, he doesn't allege any. So, it's kind of, to this case before us now, not relevant how many he would have had to come up with because he didn't come up with any. He didn't allege any. He just said there's a policy and there's lack of training and, you know, conclusive allegations such that have just consistently been held not to be sufficient. All right. Thank you. Your time has expired. So, thank you very much. Mr. Marcin, you have three minutes left for rebuttal. Thank you, Your Honor. And I'd like to make three points on rebuttal. The first being the sheriff's arguments about Mr. Risk's intent. And the court had questions about why wouldn't he intend to sue individuals alongside the county. I will reiterate for the court and I'll point out that it's appendix page 25 where he makes that statement. He cites a case that establishes that both an officer and the governing body can be liable. And he even incorporates that request for relief in the second amended complaint. I'll direct the court's attention to appendix page 354. The sheriff has never disputed that Mr. Risk was trying to incorporate all of his allegations from the first complaint, the second, and the third together for the district court. So, we have in that statement, along with his claims against specifically identified individuals, the indication of his intent to sue individuals alongside the county. And that's why naming the sheriff's department was Mr. Risk's intent, showing his intent to sue everyone within it who was responsible. And he never, when he was expressing confusion about Monel and a narrow focus on Monel, that confusion was never remedied, except like in the Woldeab case, until this court appointed counsel on appeal. To move to my second point, the strength of the allegations that he has made, the sheriff has at no point made any case that amendment now would be futile. So, we again come back to the fact that if Officer Pugh's name were simply up in that caption, Mr. Risk could proceed further. And that's why cases like Trackwell that require courts to look at the entire complaint is so important in this appeal. Finally, to end with my third point on Monel, I would stress to the court that we are here on a motion to dismiss and that Mr. Risk's allegations do make a plausible case that there are persistent supervisory and disciplinary failures at this jail. And in particular, he has factual enhancements about the affirmative statements and actions all the way up the chain of command to the very chief of the Department of Corrections, telling subordinates not describe what happened in your report, be comprehensive, but instead, let's get our ducks in a row. I'm quoting from appendix page 383, where the chief said, let's get our ducks in a row after a subordinate said, I'm not saying something didn't happen here, but then characterizing Mr. Risk's allegations as exaggerated. And just one page before that, Your Honor, on appendix page 382, we have affirmative statements by supervisors to the officers involved saying again, not tell me what happened, but quote, need to include appropriate takedown verbiage. That makes a plausible case with the egregiousness of these allegations at the motion to dismiss stage. Counsel, let me ask you one thing. I know appointment letters or appointment orders are usually phrased in terms of you don't have any obligation to the argument of this case or after the decision in this case comes down. I don't know what that's going to be. I haven't discussed this case with either of my colleagues. And a lot of times I form my opinion after I've had an opportunity to discuss it within the conference and so forth. But assuming that we thought he should have another shot at ending if it's not futile, I'm not sure, given what seems to be his difficulties, understanding the point and maybe with the English language, I'm not sure about that. It would do much good to come in with a fourth attempt unless he had the guiding hand of counsel who wouldn't have to represent him through the entire litigation. We just have to consult with him and tell him how to draft the complaint. Is that something, if you're in your favor, and I don't think I've laid you down the path if we go the other way, but if we ruled in your favor, are you amenable to doing that? Your Honor, we are an appellate litigation clinic, but we would welcome the opportunity to help Mr. Risk find counsel and to ensure that on remand, he is represented by counsel at every stage going forward. Let me ask you one other question. And I know this hasn't been raised and maybe this isn't the time to raise it. I guess it didn't because of affirmative defense. But I wonder about the statute of limitations and whether they're determined from the date of the original filing. But that's not an issue for here. It hasn't been raised. It's pertinent. It can be raised on remand. So Judge Branch, I don't have any other questions or comments. All right. We are done. We have your case under submission. I thank both of you. And we are adjourned. Thank you, Your Honor.